**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT E. WALLACE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:24-CV-00488-NCC** |
| | ) | |
| **CRAIG A. GLATCZAK,** | ) | |
| **CALEB THOMPSON, and** | ) | |
| **ANDREW WILKINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Robert E. Wallace, Jr.'s Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $71.10. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his administrative remedies.

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent

of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

In support of his Application, Plaintiff has submitted a certified account statement that reflects deposit activity from November 15, 2023 to March 10, 2024. (ECF No. 3). Because Plaintiff filed this action on April 1, 2024, the statement does not reflect the entire six-month period immediately preceding the filing of his Complaint, as required by 28 U.S.C. § 1915(a)(2). Nevertheless, the Court was able to calculate an average monthly balance of $355.49 based on the available data. Thus, the Court will assess an initial partial filing fee of $71.10, representing 20 percent of Plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912,

914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the Potosi Correctional Center ("PCC") in Mineral Point, Missouri. He brings this suit under 42 U.S.C. § 1983 against Craig Glatczak, Caleb Thompson, and Andrew Wilkins ("Defendants") in their individual capacities. Plaintiff states that all three defendants are prison guards at PCC.

According to Plaintiff, on March 13, 2024, Defendants struck him in the face with closed fists even though he was in "mechanical restraints." Defendants then "slammed" Plaintiff on the concrete floor and struck him repeatedly on his right side. Plaintiff asserts that he was then "taken and placed in housing unit 2 restraint chair." While in the restraint chair, Plaintiff stated that his "jaw felt broken."[1] He was then taken to the medical unit for assessment. The nurse explained that Plaintiff's jaw was not broken but that "it was a serious incident and [he] would have to stay in

---

[1] Plaintiff does not disclose to whom he made this statement.

medical unit until the morning to have Doctor James assess [him]." The next morning, Dr. James agreed that Plaintiff's jaw was not broken. Plaintiff received an x-ray later that afternoon. He does not disclose the results of the x-ray in his Complaint.

Plaintiff reports lacerations to his upper lip and swelling on the ride side of his face. He states that Defendants' conduct resulted in blood stains on the floor and on a "propellant face-mask" that was placed over his head.[2] He asserts that he has suffered emotional distress and a "mental break-down." He seeks to recover his medical expenses and $3.5 million in damages.[3]

### Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits).") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). "Exhaustion of all remedies is set forth by the Missouri Department of Corrections Offender Grievance Procedures and must be completed prior to prisoner filing suit." *Leonberger v. Braunum*, 06-4014-CV-C-SOW, 2007 WL 495024, at *2 (W.D. Mo. Feb. 12, 2007).

---

[2] Plaintiff does not state why or when the face mask was placed over his head.

[3] Plaintiff drafted his Complaint on a form titled "Prisoner Civil Rights Complaint under 42 U.S.C. § 1983." In the "Previous Lawsuits" section of the form, Plaintiff states that he has had a case dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g). Having performed an extensive search of Plaintiff's litigation history on PACER—the online portal for the federal court system—the Court concludes that Plaintiff has not had a cased dismissed under the "three strikes" provision. The Court will attribute Plaintiff's response to misunderstanding.

An inmate satisfies the exhaustion requirement by pursuing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). When determining whether a plaintiff has properly exhausted all available administrative remedies, "[i]t does not matter . . . that [plaintiff] may have subjectively believed that there was no point in his pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

Plaintiff acknowledges in his Complaint that he has not exhausted his administrative remedies. He states that he bypassed the grievance process because of the "serious nature of violation" and "duration of the grievance process." He also asserts he feared retaliation. As indicated above, Plaintiff's subjective beliefs are irrelevant in determining whether administrative procedures are available. *See Lyon*, 305 F.3d at 809.

Because Plaintiff is self-represented in this matter, the Court will give him an opportunity to show cause why this action should not be dismissed for failure to exhaust his administrative remedies before filing this action. In doing so, Plaintiff shall set forth the dates he filed his Informal Resolution Requests, grievances, and grievance appeals, if any, and the dates he received institutional responses. He shall also provide copies of the same. If Plaintiff cannot obtain copies from the institution, he must explain what attempts he has made to request these documents. If Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

**Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel. (ECF No. 4). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro

5

se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

### Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and will assess an initial partial filing fee of $71.10. The Court will deny Plaintiff's motion to appoint counsel. Finally, the Court will order Plaintiff to show cause in writing why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

  **IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $71.10 **within thirty (30) days** of the date of this Order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

  **IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing **within thirty (30) days** of the date of this Order why this action should not be dismissed for failure to fully exhaust his prison remedies before filing this action.

  **IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED**.

       /s/ Noelle C. Collins
      NOELLE C. COLLINS
      UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of July, 2024.