## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ROBERT E. WALLACE, JR.,        )
                                         )
        Plaintiff,           )
                                         )
        v.                   )        No. 4:24-cv-00488-NCC
                                         )
CRAIG A. GLATCZAK et al.,      )
                                       )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Plaintiff Robert Wallace, Jr.'s response to the Court's Order to Show Cause. Doc. 13. For the reasons set forth below, the Court will dismiss this action without prejudice.

On July 30, 2024, the Court granted Plaintiff's application to proceed in forma pauperis and directed him to pay an initial partial filing fee of $71.10 within thirty days. Doc. [12]. The Court simultaneously ordered Plaintiff to show cause why this case should not be dismissed for failure to exhaust administrative remedies. *Id.*

Plaintiff has submitted a response to the Order to Show Cause, doc. [13], but has neither paid the initial partial filing fee nor requested an extension of time to do so. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). The Court finds that Plaintiff's failure to comply with its prior Order warrants dismissal under this rule.

Even if Plaintiff had timely paid the initial partial filing fee, dismissal would still be warranted due to his failure to exhaust administrative remedies. In his response to the Order to Show Cause, Plaintiff cites *Tuckel v. Grover*, 660 F.3d 1249 (10th Cir. 2011), a Tenth Circuit case holding that administrative remedies are unavailable when a prisoner faces threats of serious retaliation for pursuing the grievance process. The Eighth Circuit has likewise recognized that administrative remedies may be deemed unavailable in such circumstances. *See East v. Minnehaha Cnty.*, 986 F.3d 816, 821 (8th Cir. 2021). However, to excuse exhaustion on those grounds, "there must be some basis in the record [to show that a] reasonable prisoner of ordinary firmness would have understood the prison official's actions to threaten retaliation if the prisoner chose to utilize the prison grievance system." *Id*. (cleaned up). General and unsubstantiated fears of retaliation are insufficient. *Id*. (citing *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 794 (9th Cir. 2018)).

Here, Plaintiff offers only vague and conclusory references to "imminent danger of harm" and fear of retaliation, without providing any factual detail to support those assertions. Doc. [13]. Moreover, he states that he submitted "written notes/kites" to prison administration about his concerns—conduct that undermines his claimed fear of retaliation. *Id*. On this record, Plaintiff has not demonstrated that the grievance process was effectively unavailable to him. Accordingly, even if Plaintiff had paid the filing fee, this case would be subject to dismissal for failure to exhaust administrative remedies. *See Porter v. Sturm*, 781 F.3d 448 (8th Cir. 2015) ("Where a prisoner fails to exhaust administrative remedies prior to bringing a § 1983 action, dismissal without prejudice is mandatory.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

*See* Fed. R. Civ. P. 41(b).

A separate order of dismissal will follow.

Dated this 11th day of April 2025.

                MATTHEW T. SCHELP
                UNITED STATES DISTRICT JUDGE